# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KATHI AHO, | \* | |
| | \* | No. 14-1106V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: March 6, 2017 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Attorneys' fees and costs |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, D.C., for
respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On January 13, 2017, petitioner moved for final attorneys' fees and costs in
the above-captioned matter. Petitioner requests a total of $37,502.49 an amount in
which the Court awards.

On November 13, 2014, Kathi Aho, filed a petition under the National
Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging that the
influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42
C.F.R. §100.3(a), and which she received on September 30, 2013, caused her
severe pain, numbness, and tingling in her arms and legs, particularly on the left
side of her body. The undersigned issued a decision awarding compensation to
Ms. Aho based on the parties' stipulation. Decision, 2017 WL 543359 (Jan. 4,
2017).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website.
Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any
redactions ordered by the special master will appear in the document posted on the website.

Because Ms. Aho received compensation, she is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

\*       \*       \*

Petitioner seeks a total of **$37,502.49** ($35,260.00 in attorneys' fees and $2,242.49 in costs) for her counsel. In compliance with General Order No. 9, petitioner states that she advanced no monies for reimbursable costs in pursuit of her claim. For hourly rates, petitioner's counsel, Mr. Downing proposed $350 per hour. This rate is reasonable and has been previously been awarded. See Laney v. Sec'y of Health & Human Servs., No. 14-984V, 2016 WL 7030744 (Fed. Cl. Spec. Mstr. Oct. 18, 2016); Abbott v. Sec'y of Health & Human Servs., No. 14-907, 2016 WL 4151689 (Fed. Cl. Spec. Mstr. Jul. 15, 2016).

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). The hours that Ms. Aho's counsel worked are reasonable. See also Anderson v. Sec'y of Health & Human Servs., No. 14-879V, 2016 WL 4169107 (Fed. Cl. Spec. Mstr. Jun. 28, 2016).

In addition to seeking attorneys' fees, the Ms. Aho seeks an award of costs for her counsel. All costs are reasonable, documented, and are awarded in full.

After reviewing the request, the Court awards the following:

a. **A lump sum of $37,502.49 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing, of Van Cott & Talamante, PLLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.